UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                        Case No. 2:05-cr-17
                                              HON. GORDON J. QUIST

JOHN LONDON BRADSHAW,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

John London Bradshaw is charged in a two-count Indictment with conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(B)(iii), and possession with intent to deliver crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). On February 17, 2006, defendant filed a Motion to Suppress and For a *Franks* Hearing, seeking to suppress the evidence seized after a search was conducted in Room 201 of the Blue Cloud Motel in Ironwood, Michigan. The search of the Blue Cloud Motel was conducted by state law enforcement officials after securing a warrant from Magistrate Julie A. Osterman. The affidavit submitted to state court in support of the request for search warrant was prepared by Ironwood Public Safety Officer Adam S. Clemens. That affidavit explained:

1.      The person, place or thing to be searched is described and is located at:

          Room number 201 of the Blue Cloud Motel. A wood framed motel complex located on Cloverland Drive in the city of Ironwood.

2.      The PROPERTY to be searched for and seized, if found, is specifically described as:

Cocaine, Crack Cocaine, Marijuana, green leafy substances, white powdery substances, any/all controlled substances found. Smoking devices, pipes, bongs, needles, rolling papers, scales, weighing devices, packaging materials, baggies, any/all thing[s] used to manufactor [sic], consume, use, smoke, inhale, ingest, sell, or deliver controlled substances. Records, notebooks containing records of narcotics sales or purchases, occupancy of the room. Any/all U.S. Currency including but not limited to the following serial numbers: EK56595817A, CF13084406D, BC08280232B, CI10733715A.

3.      The FACTS establishing probable cause or the grounds for the search are:

Affiant is an Officer with Ironwood Public Safety Dept. and has been so employed since December 1995. Affiant has also had specialized training in the field of narcotics investigations, and is a member of the Ironwood Narcotics Enforcement Team.

On 02-10-2005 affiant met with a confidential informant who agreed to purchase a "Rock" of Crack Cocaine. Affiant was told by the C.I. that they had seen a "good" amount of rock cocaine. The C.I. stated that the occupant of room 201 known as Rainbow was selling the "Rocks" of cocaine for $50.00 per "rock." The C.I. stated that they would be able to purchase the cocaine. The C.I. was given $50.00 in photocopied money [and] was searched by affiant. No controlled substances were found during the search. The C.I. was observed going into the motel and exiting the motel. The C.I. met with affiant at a predetermined location and turned over one "rock" of suspected cocaine. The C.I. was again searched with no controlled substances found. The suspected cocaine was field test[ed] and tested positive for cocaine.

Further affiant sayth not.

The unnamed informant was identified for the defendant as Donald P. Jett.

Thereafter, Dale Akerley, an investigator with the Federal Public Defender's Office, interviewed Mr.

Jett, who provided information that Officer Clemens statements in the affidavit were false as they

related to the confidential informant. On this basis, defendant sought a motion to suppress and a

*Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). Defendant maintained that the *Franks* hearing should be held to determine whether or not the warrant affidavit was based on false statements and, if the Court so found, the affidavit should be viewed without those false statements to determine whether or not probable cause existed for the issuance of the search warrant. In addition, defendant maintained that, assuming that the affidavit survived *Franks* analysis, the search warrant lacked probable cause because there was insufficient evidence regarding the credibility of the confidential informant.

On May 3, 2006, an evidentiary hearing was held at which nine witnesses testified concerning the search of the Blue Cloud Motel. At the hearing, Officer Clemens testified that the confidential informant, Jett, had agreed to work as a confidential informant in exchange for favorable treatment on a marijuana case. Jett had not been a very useful confidential informant prior to February 10, 2005. On February 10, 2005, the evidence establishes that Jett came to the police station at around 4:30 a.m. and told Officer Clemens that he could purchase a $50.00 rock of cocaine from one of the residents at the Blue Cloud Motel. Jett was interviewed by Detective Passuello and Officer Clemens and, based upon that information, Passuello approved a controlled buy at the Blue Cloud Hotel. Transcript of Evidentiary Hearing at pages 30-32. Jett was given marked money and the police observed him enter the Blue Cloud Motel and return with a rock of cocaine. After the successful buy, Officer Clemens prepared the affidavit seeking a search warrant for Room 201 of the Blue Cloud Motel. A search warrant was issued by the local magistrate. Jett's testimony at the hearing offered no support for the defendant's position that Officer Clemens had placed deliberately false information in the affidavit in support of the search warrant request.

Following the hearing, defendant abandoned the argument that the warrant contained deliberately false information and now maintains that the affidavit contained deliberate omissions

of materially relevant information.  This argument is only marginally superior to the argument that Officer Clemens had placed deliberately false information in the affidavit.  Defendant now maintains:

> Although there may have been no affirmatively false statements in the Affidavit, this statement does not address those situations noted in *Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998), i.e. "except in the very rare case where the defendant makes a strong preliminary showing that the affiant with an intention to mislead excluded critical information from the affidavit and the omission is critical to the finding of probable cause . . . ."  Defendant submits that he has shown just such critical omissions as undermine the finding of probable cause.

Defendant's Reply to the Government's Supplemental Response to Motion to Suppress at page 3.

Unfortunately for defendant, there is no support for this argument.  The evidence at the hearing did not suggest that Officer Clemens intentionally sought to mislead the magistrate.  Defendant raises nine separate facts that he maintains should have been included in the affidavit for search warrant that were material and would have affected the magistrate's view of probable cause.  *See* Defendant's Supplemental Memorandum of Law at pages 4-5.  The "material facts" relied upon by defendant as material omissions provide scant support for defendant's argument.  Defendant maintains that Officer Clemens had an obligation to inform the magistrate that Jett's relationship as a confidential informant was based on an offer of lenient treatment on a separate drug case.  Defendant also argues that the officer had an obligation to indicate that this was the first time Jett was acting as a confidential informant.  Further, defendant maintains the officer had an obligation to indicate that the Blue Cloud Motel had a reputation for housing drug dealers.

The information presented by the defendant is not a material omission warranting the relief requested.  Looking at the four corners of the affidavit, probable cause was established to justify the search.  The confidential informant had made a controlled buy at the motel and had

- 4 -

informed the police officers that he had made this buy from Room 201. The controlled buy corroborated the information given to the police by Jett at 4:30 a.m. Defendant offers no reason why the confidential informant would lie to the police about the specific room he bought the cocaine from. In fact, common sense indicates that a confidential informant seeking leniency from the police would be foolish to lie to the police about this matter. Stating in the affidavit that the Blue Cloud Motel had a reputation for housing drug dealers would have provided additional support for the requested warrant. The affidavit was silent as to whether or not Jett had previously performed as a confidential informant and, therefore, the magistrate looking at the four corners of the document did not have any evidence to suggest the reliability of the confidential informant. It was not necessary for the police officer to indicate this was the first time a confidential informant had worked for the officer. I conclude that the alleged material omissions were not material and their inclusion would not have affected the issuance of the warrant. Furthermore, I find no support for the assertion that Officer Clemens had an intent to mislead the magistrate by not including the information.

Certainly, Officer Clemens could have included additional information in the affidavit to support the finding of probable cause. Viewing the totality of the circumstances, the four corners of the affidavit support a finding of probable cause for a search warrant. It is my recommendation that the Court find there was probable cause established in the affidavit to support the warrant.

More importantly, the good faith doctrine established in *United States v. Leon*, 486 U.S. 897 (1984), requires denial of defendant's motion to suppress. There are no false statements in the warrant and no support for a finding that the magistrate abandoned her judicial role. As recommended above, probable cause is established by the affidavit. Finally, the warrant is not so facially deficient so that the executing officers could not reasonably presume it to be valid. *See Leon*, 486 U.S. at 923. I can find no support in the record for the argument that Officer Clemens'

reliance on the warrant was neither in good faith nor objectively reasonable.  Accordingly, should the Court find that the affidavit lacked probable cause, the good faith doctrine fully supports not suppressing the evidence.  *Id.*  The affidavit provided in support of the warrant request was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See United States v. Canan*, 48 F.3d 654, 959 (6th Cir. 1995).

Accordingly, it is respectfully recommended that defendant's Motion to Suppress and For a *Franks* Hearing (Docket #75) be DENIED.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3.  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 19, 2006