UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

v.                                                                                    Case No. 2:05-cr-17
                                                                                      HON. R. ALLAN EDGAR
JOHN LONDON BRADSHAW,

    *Defendant*.
_____/

**MEMORANDUM AND ORDER**

**I.     Introduction**

Defendant Bradshaw moves to suppress evidence seized by police officers while executing a state search warrant at Room 201 of the Blue Cloud Motel in Ironwood, Michigan, on February 10, 2005. [Doc. No. 75]. The search warrant was issued by Michigan state magistrate Julie A. Osterman based on the sworn affidavit of Ironwood police officer Adam S. Clemens ("Clemens").

Defendant also moves the Court to conduct an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether there was a lack of probable cause to support the search warrant, and whether the search warrant was improperly issued in reliance on a deliberately or recklessly false affidavit from Officer Clemens. Under *Franks*, a defendant is entitled to an evidentiary hearing on the veracity of statements in the affidavit only if (1) there is a substantial preliminary showing that specified portions of the affiant's statements are deliberately or recklessly false, and (2) a finding of probable cause would not be supported by the remaining content of the

1

affidavit when the allegedly false material is set aside or deleted. *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005); *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003); *United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1997).

The motion was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 57.2(b). The Magistrate Judge held an evidentiary hearing, and submitted a report and recommendation. [Doc. No. 117]. The Magistrate Judge concludes that the motion is without merit and recommends it be denied. The Magistrate Judge finds that the statements contained in Officer Clemens' affidavit in support of the search warrant are true and correct. The affidavit does not contain any statements that are deliberately or recklessly false. There is no proof that Officer Clemens acted with any intent to mislead or deceive the state magistrate.

Following the evidentiary hearing, defendant abandoned his first argument that the affidavit of Officer Clemens contained deliberately or recklessly false statements. Defendant has modified his argument to now contend that Officer Clemens, acting with the intent to mislead the state magistrate, deliberately omitted material facts and details from his affidavit that were critical to the issue of probable cause. Defendant seeks to rely on *Mays v. City of Dayton*, 134 F.3d 809 (6th Cir. 1998). In *Mays*, the Sixth Circuit said that except in the very rare case where a defendant makes a strong preliminary showing that the affiant with an intention to mislead excluded or omitted critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is not applicable to the omission of disputed facts. *Id.* at 816.

The Magistrate Judge rejects the defendant's argument because the alleged omissions raised by the defendant are immaterial. Even if the information that the defendant claims was omitted had

2

been included in Officer Clemens' affidavit, it would not have affected and made any difference in the state magistrate's finding of probable cause and decision to issue the search warrant. In short, there are no critical, material facts and details that were omitted from Officer Clemens' affidavit with the intent to mislead the state magistrate in making the determination of probable cause.

Finally, the Magistrate Judge concludes that the good-faith exception to the exclusionary rule established in *United States v. Leon*, 486 U.S. 897 (1984), is applicable and is an alternative reason why the motion to suppress must be denied.

There are objections by defendant Bradshaw to the report and recommendation. [Doc. No. 121]. Specifically, defendant objects to the Magistrate Judge's finding that the affidavit of Officer Clemens is sufficient to show probable cause to issue a search warrant for the motel room. Defendant also objects to the Magistrate Judge's conclusion that the motion to suppress should be denied based on the *Leon* good-faith exception.

After reviewing the record *de novo*, the Court concludes that the defendant's objections [Doc. No. 121] fail and are **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 57.2(b), the Court **ACCEPTS and ADOPTS** the report and recommendation. For the reasons stated in the report and recommendation, and also for the reasons expressed by the government in its responses [Doc. Nos. 95, 105, 115], the defendant's motion to suppress [Doc. No. 75] is **DENIED**. The Court takes this opportunity to supplement the report and recommendation.

## II. Affidavit Established Probable Cause To Issue Search Warrant

Although we are dealing here with a state search warrant, this Court's determination of whether the evidence should be suppressed from the defendant's federal trial is a matter of federal

law, not Michigan state law. The exclusionary rule only requires federal courts to suppress and exclude evidence which has been seized in violation of the defendant's rights protected by the United States Constitution. *United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994); *United States v. Allen*, 954 F.2d 1160, 1166-68 (6th Cir. 1992).

The Fourth Amendment to the United States Constitution provides that no warrant shall issue but upon probable cause, supported by oath or affirmation. The Fourth Amendment requires that probable cause to issue a search warrant be determined by a neutral, detached magistrate or judge and not by police officers zealously engaged in the competitive enterprise of ferreting out crime. The neutral, detached magistrate must independently review applications for search warrants and cannot merely serve as a rubber stamp for the police. *Coolidge v. New Hampshire,* 403 U.S. 443, 450 (1971); *Aguilar v. Texas*, 378 U.S. 108, 111 (1964); *Johnson v. United States*, 333 U.S. 10, 14 (1948); *Frazier*, 423 F.3d at 537; *United States v. Weaver*, 99 F.3d 1372, 1376-77 (6th Cir. 1998). Defendant Bradshaw bears the burden of proving that the state magistrate abandoned her judicial role, did not act independently as a neutral and detached magistrate, and merely served as a rubber stamp for the police. *Frazier*, 423 F.3d at 537; *Rodriguez-Suazo*, 346 F.3d at 649.

For the state magistrate to be able to perform this critical function, the affidavit submitted in support of the application for a search warrant must contain sufficient facts and details about the underlying circumstances to show that probable cause exists to justify issuing the warrant. *Whitely v. Warren*, 401 U.S. 560, 564 (1971); *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999). Probable cause only requires a fair probability or substantial chance of criminal activity, not a *prima facie* showing of actual criminal activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983); *Rodriguez-Suazo*, 346 F.3d at 644; *Smith*, 182 F.3d at 477; *United States v. Hill*, 142 F.3d 305, 310 (6th Cir.

4

1998); *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993).

After-the-fact scrutiny by this Court of the sufficiency of Officer Clemens' affidavit is not a *de novo* review. *Gates*, 462 U.S. at 236. This Court is required to show great deference to the state magistrate's finding of probable cause. The state magistrate's exercise of judicial discretion in deciding to issue the search warrant should not be set aside unless the discretion was arbitrarily exercised. *Id.*; *Rodriguez-Suazo*, 346 F.3d at 643; *Weaver,* 99 F.3d at 1376; *United States v. Sonagere*, 30 F.3d 51, 53 (6th Cir. 1994); *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993);*United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993); *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). A hyper technical critique of search warrants by the federal courts would serve to encourage warrantless searches by the police thereby undermining the very Fourth Amendment right that such a hyper technical approach would seek to protect. There is a strong preference for the warrant process instead of warrantless searches. *Gates*, 462 U.S. at 236; *Rodriguez-Suazo*, 346 F.3d at 643-44; *Pelham*, 801 F.2d at 877.

Deference to the state magistrate's determination of probable cause is not boundless. *Leon*, 468 U.S. at 914; *Weaver*, 99 F.3d at 1376-77; *Leake*, 998 F.2d at 1363. When reviewing the state magistrate's finding of probable cause to issue the search warrant, this Court must determine whether, under the totality of the circumstances, the state magistrate had a substantial basis for concluding that a search of Room 201 at the Blue Cloud Motel would probably uncover some evidence of criminal wrongdoing. The Fourth Amendment requires no more. *Gates*, 462 U.S. at 236; *United States v. Washington,* 380 F.3d 236, 240 (6th Cir. 2004); *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004) (en banc); *Hill*, 142 F.3d at 310; *Weaver*, 99 F.3d at 1376; *Sonagere*, 30 F.3d at 53; *Leake*, 998 F.2d at 1363; *Pelham*, 801 F.2d at 877-78.

To justify a search warrant, the circumstances must indicate why evidence of criminal activity will probably be found in a particular place. There must be a nexus between the place to be searched and the evidence sought. *Washington,* 380 F.3d at 240; *Carpenter,* 360 F.3d at 594.

Under the *Gates* totality-of-the-circumstances test, the task of the state magistrate is to make a practical, commonsense decision whether, given all of the factual allegations and circumstances set forth in Officer Clemens' affidavit, including the veracity and basis of knowledge of those persons supplying hearsay information, there is a fair probability that evidence of a crime will be found in a search of the premises. *Gates*, 462 U.S. at 238; *Frazier,* 423 F.3d at 531; *Rodriguez-Suazo*, 346 F.3d at 644-46; *Smith*, 182 F.3d at 477-78; *Weaver*, 99 F.3d at 1377; *Leake,* 998 F.2d at 1363. The factual allegations in Officer Clemens' affidavit need not be based on his direct personal knowledge, but may come from hearsay information supplied by an informant or another law enforcement officer. *United States v. Ventresca*, 380 U.S. 102 (1965); *Smith*, 182 F.3d at 477.

When evaluating hearsay information supplied to the police by a confidential informant, the magistrate or judge reviewing the application for a search warrant must consider the informant's veracity, reliability, and basis of knowledge. "Veracity" involves the credibility of the informant or, alternatively, the reliability of the informant's report. *Gates*, 462 U.S. at 229; *Frazier,* 423 F.3d at 532; *Rodriguez-Suazo*, 346 F.3d at 646; *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003); *Smith*, 182 F.3d at 477. An affidavit in support of an application for a search warrant must contain a statement about some of the underlying facts and circumstances indicating that the confidential informant is credible, e.g., the informant has provided reliable information in the past, or that the informant's report is otherwise reliable. *Id.*

6

A confidential informant's reliability can be corroborated through independent police investigation. *Rodriguez-Suazo*, 346 F.3d at 646. While independent corroboration by the police of an informant's story is not a *sine qua non* to a finding of probable cause, *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005), in the absence of any indicia of the informant's reliability, the courts insist that the affidavit contain substantial independent police corroboration. *Frazier*, 423 F.3d at 532; *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004); *Smith*, 182 F.3d at 483; *Leake*, 998 F.2d at 1365.

Applying these standards in the instant case, this Court has reviewed Officer Clemens' affidavit. The Court agrees with Magistrate Judge Greeley's report and recommendation that the affidavit is sufficient to establish probable cause to issue a search warrant for Room 201 of the Blue Cloud Motel in Ironwood, Michigan, on February 10, 2005. This Court finds that the state magistrate had a substantial basis for concluding that a search of Room 201 at the Blue Cloud Motel would probably uncover evidence of criminal wrongdoing.

The affidavit accurately states that the police had received information from a confidential informant that there was crack cocaine in Room 201 at the Blue Cloud Motel. The police investigated and independently corroborated the veracity and reliability of the informant's report by arranging for the informant to make a controlled purchase of crack cocaine at Room 201 while under police surveillance. The state magistrate did not arbitrarily exercise her discretion in issuing the search warrant. The state magistrate acted as a neutral, detached magistrate in independently reviewing the application for the search warrant and did not merely serve as a rubber stamp for the police. In sum, the search warrant was properly issued based on probable cause. There is no violation of the defendant's rights protected under the Fourth Amendment.

### III.     *Leon* Good-Faith Exception To The Exclusionary Rule

Assuming *arguendo* that Officer Clemens' affidavit falls short and is deemed insufficient to establish probable cause, and further assuming *arguendo* that execution of the search warrant violated the Fourth Amendment, the Court concludes that defendant Bradshaw's motion to suppress must be denied anyway for an alternative reason.  The execution of the search warrant clearly falls within the good-faith exception to the exclusionary rule established in *Leon*, 468 U.S. 897.

Though evidence obtained in violation of the Fourth Amendment is generally excluded from trial, *Leon* holds that the exclusionary rule is modified so as not to bar the admission of evidence seized by the police in good-faith, objectively reasonable reliance on a search warrant that is subsequently determined to be defective.  *Leon*, 468 U.S. at 905; *see also, United States v. Hython,* 443 F.3d 480, 484 (6th Cir. 2006); *Frazier*, 423 F.3d at 533; *Washington,* 380 F.3d at 241; *Carpenter,* 360 F.3d at 595; *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998); *Weaver*, 99 F.3d at 1380.  A police officer's reliance on a magistrate's probable cause determination must be in good faith and objectively reasonable.  The good-faith inquiry is confined to the question whether a reasonably well-trained police officer would have known that the search was illegal despite the magistrate's authorization of the search warrant.  *Leon*, 468 U.S. at 922-23 n. 23; *Frazier*, 423 F.3d at 533.

In *Hython*, the Sixth Circuit explains that the showing required to establish that reliance on the validity of the search warrant was objectively reasonable is less than the "substantial basis" showing required to establish probable cause.  It is entirely possible that an affidavit can be insufficient to establish probable cause, but yet be sufficient to support a police officer's good-faith, objectively reasonable reliance on the validity of the search warrant under *Leon*.  *Hython,* 443 F.3d

at 484; *Washington,* 380 F.3d at 241; *Carpenter,* 360 F.3d at 595.

After reviewing the record, the Court finds that it was objectively reasonable for the police officers who searched Room 201 of the Blue Cloud Motel to rely in good faith on the validity of the search warrant. Based on the facts and circumstances in this case, a reasonably well-trained police officer would not have known or believed that there was a lack of probable cause and that the search warrant was illegal.

The *Leon* good-faith exception does not apply in the following sets of circumstances: (1) if the judge or magistrate who issued the search warrant was misled by information in the affidavit that the affiant either knew was false or should have known was false but for the affiant's reckless disregard for the truth; (2) if the issuing judge or magistrate wholly abandoned his or her judicial role and failed to act in a neutral, detached fashion by merely serving as a rubber stamp for the police; (3) if the affidavit was so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable; and (4) if reliance on the search warrant is not in good faith or not objectively reasonable because the search warrant was facially deficient, e.g. it failed to describe with particularity the place to be searched and/or the items to be seized. *Leon*, 468 U.S. at 914-15, 923; *Hython,* 443 F.3d at 484; *Frazier,* 423 F.3d at 533; *Washington,* 380 F.3d at 241; *Van Shutters*, 163 F.3d at 337; *Weaver,* 99 F.3d at 1380; *Leake,* 998 F.2d at 1366.

The Court finds that none of these four special circumstances and exceptions to the *Leon* good-faith doctrine are applicable in the case at bar. There is no proof in the record showing that the state magistrate who issued the search warrant was misled or deceived in any way by the information set forth in the affidavit. There is no proof that Officer Clemens made statements in his affidavit that he either knew were false or should have known were false but for his reckless disregard for the

9

truth. The affidavit of Officer Clemens simply does not contain any false or misleading statements. There are no omissions of material facts and details from the affidavit that would have made a difference in determining probable cause and issuing the search warrant.

The affidavit of Officer Clemens was not so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable. Defendant Bradshaw has not met his burden of showing that the state magistrate who issued the search warrant wholly abandoned her judicial role and failed to act in a neutral, detached fashion by merely serving as a rubber stamp for the police. Finally, the search warrant was not facially deficient, and it adequately described with particularity the specific place to be searched and the items to be seized.

Accordingly, the defendant's motion to suppress evidence [Doc. No. 75] is **DENIED**.

SO ORDERED.

Dated: August  2 , 2006.


                                            */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE