UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                              Plaintiff, )<br>                                          )<br>-v-                                    )<br>                                          )<br>JOHN LONDON BRADSHAW, )<br>                              Defendant. )<br>                                          ) | No. 2:05-cr-17-01<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant John Bradshaw filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 252). He contends he received status points as part of his criminal history score and relies on the retroactive changes to the Sentencing Guidelines in Amendment 821. The Court find Defendant ineligible for the relief he seeks and will deny the motion.

A.

A jury found Defendant guilty of two crimes: (1) participating in a conspiracy to distribute and to possess with the intent to distribute crack cocaine and (2) possession with the intent to distribute crack cocaine. The Court sentenced Defendant to 360 months imprisonment on each count, served concurrently. In 2016, President Barak Obama commuted Defendant's sentence to a term of 262 months imprisonment.

In his motion for sentence reduction, Defendant claims eligibility because he received two status points towards his criminal history score under § 4A1.1(d) because he committed his federal offense of conviction while on parole (*see* ECF No. 196 ¶ 46 PageID.1273).

Defendant had a criminal history score (total points) of 13 resulting in a criminal history category VI (*id.* ¶ 48 PageID.1273). Defendant was also considered a career offender under § 4B1.1 (*id.* ¶ 49 PageID.1273). As a result, Defendant has a criminal history category VI regardless of his criminal history score.

B.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts must first determine the defendant's eligibility, whether the Sentencing Commission's changes actually lowered the defendant's guidelines range. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Valentine*, 694 F.3d 665, 669 (6th Cir. 2012)). Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases status points by one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

The Court finds Defendant ineligible for a modification of sentence under 18 U.S.C. § 3582(c)(2) because, applying the retroactive amendments, his guidelines range did not change. Applying Amendment 821, Defendant received only one status point instead of two so his criminal history score falls from 13 to 12. Ordinarily, a defendant with a criminal history score of 12 has a criminal history category V. But, because Defendant is considered a career offender under § 4B1.1, his criminal history category remains VI. And, because his criminal history category does not change, his guideline range does not change.

C.

Defendant argues that changes to the law since he was sentenced means he no longer qualifies as a career offender. Defendant raises this argument in a document containing objections to a report issued by the Probation Office recommending that the Court find Defendant ineligible for a reduction in sentence because he is considered a career offender (ECF No. 260). Defendant relies on Supreme Court and Sixth Circuit opinions. His authority, however, does not provide a basis for finding Defendant eligible for a sentence reduction under § 3582(c)(2).

The holding in *Concepcion v. United States*, 597 U.S. 481 (2022) does help Defendant. *Concepcion* held that a district court can consider intervening changes in the law when exercising discretion to reduce a sentence under the First Step Act. *Id.* at 500. Implied in that holding, the defendant must first be eligible for a sentence reduction. *See United States v. McCall*, 56 F.4th 1048, 1061-62 (6th Cir. 2022); *accord United States v. McCoy*, 88 F.4th 908, 913 (11th Cir. 2023). ("In *Concepcion*, 142 S. Ct. at 2404, the Supreme Court held that district courts, after determining that a defendant is eligible for

relief under § 404 of the First Step Act, can 'consider intervening changes of law or fact' as factors in deciding whether to exercise their discretion and grant relief."). The Court can only consider the holding in *Concepcion* as part of the second step of a § 3582(c)(2) motion. *Concepcion* cannot be used to establish the first step—eligibility— for a § 3582(c)(2) motion.

Defendant's Sixth Circuit authority, *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (per curiam) suffers the same problem. In the *Havis* opinion, an en banc panel of the Sixth Circuit judges held that the § 4B1.2(b) of the Sentencing Guidelines Manual "makes clear that attempt crimes do not qualify as controlled substance offenses." *Id.* at 387. Defendant argues that the statute for the Wisconsin conviction that counted as one of his prior controlled substance offenses includes attempt crimes. Applying *Havis*, Defendant reasons that the prior offense cannot now count as a controlled substance offense and, therefore, he is no longer a career offender under § 4B1.1. The holding in *Havis*, however, is not retroactive and cannot be used by Defendant to establish his eligibility for a sentence reduction. *See United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022). And, *Havis* cannot provide a basis for eligibility for a sentence reduction under § 3582(c)(2) because it did not involve an amendment to the Sentencing Guidelines. Rather, the Sixth Circuit rejected the Sentencing Commission's interpretation of a provision in the Guidelines.

Accordingly, Defendant is not eligible for a sentence modification and the Court **DENIES** Defendant's motion (ECF No. 252). **IT IS SO ORDERED.**

Date:   June 10, 2024                                /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge